Filed 11/13/24  In re T.V. CA4/2
Opinion following order vacating prior opinion

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re T.V., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E083415 |
| Plaintiff and Respondent, | (Super.Ct.No. J294939) |
| v. | OPINION |
| T.B., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Steven A. Mapes, Judge.  Conditionally reversed and remanded with directions.

Elizabeth C. Alexander, under appointment by the Court of Appeal, for Defendant and Appellant.

Tom Bunton, County Counsel, and Joseph R. Barrell, Deputy County Counsel, for Plaintiff and Respondent.

1

T.B. (mother) appeals an order of the San Bernardino County Juvenile Court terminating her parental rights as to her child T.V. (the child) pursuant to Welfare and Institutions Code section 366.26.[1] We will conditionally reverse the order for compliance with California's provisions designed to implement and enhance the federal Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.).

## BACKGROUND

In October 2022, the child, then 18 days old, was taken into custody pursuant to a Penal Code section 1524 detention warrant obtained by respondent San Bernardino County Children and Family Services (the Department).[2] The Department placed the child in foster care and filed a section 300 juvenile dependency petition.

The juvenile court found the child came within section 300, declared her a dependent of the court, removed her from parental custody and continued her in a relative home where she had by then been placed. It ordered family reunification services to be provided to mother and the child's presumed father.

Reunification efforts were unsuccessful, and the court terminated them at the September 2023 six-month review hearing held 10 months after the child was removed

---

[1] All further statutory references are to the Welfare and Institutions Code of California unless otherwise designated. References to rules are to California Rules of Court.

[2] The child's three maternal half siblings were also removed from mother's home and placed with the previously noncustodial father. The court dismissed the dependency proceedings as to the half siblings and issued a custody order giving their father sole physical custody with legal custody to both parents.

from home. In March 2024, the court ordered termination of parental rights and mother timely noticed this appeal.

## DISCUSSION

Mother argues that conditional reversal of the order terminating parental rights is called before because the Department failed to comply with the ICWA inquiry requirements set forth in former subdivision (b) of section 224.2 (added by Stats. 2018, ch. 833, § 5 (Assem. Bill No. 3176), eff. Jan. 1, 2019). The Department agrees conditional reversal is appropriate if subdivision (b) of section 224.2 applies.

1. *The Statutory Framework*

ICWA was enacted by Congress to protect the best interests of Indian children, and to promote the stability and security of Indian tribes and families in child custody proceedings, including juvenile dependency cases. (25 U.S.C. §§ 1902, 1903(1); 25 C.F.R. § 23.106 (2024).) To that end, California law imposes an affirmative and continuing duty on the juvenile court and child services agencies such as the Department to inquire whether a child for whom a section 300 juvenile dependency petition has or may be filed is or may be an Indian child. (§ 224.2, subd. (a).) Rule 5.481(a)(5) requires the agency to include in its filings on an ongoing basis a detailed description of all inquiries undertaken, and all information it received pertaining to the child's Indian status.

Section 224.2 and rule 5.481 sets forth California's provisions governing the timing and scope of the Department's and the juvenile court's respective duties of ICWA inquiry. The Department's duty of inquiry attaches at its first contact concerning the

3

child.  (§ 224.2, subd. (b)(1), formerly subd. (a), which was renumbered and revised without substantive change, Stats. 2024, ch. 656, § 3, eff. Sept. 27, 2024.)  During the course of the juvenile dependency proceedings leading up to termination of parental rights in this case, the minimum inquiry requirement imposed on the Department was to ask the reporting party whether that person had any information that the child may be an Indian child.  (Former § 224.2, subd. (a).)  That duty expanded to include the child, parents, legal guardian, Indian custodian, extended family members, and others who have an interest in the child "[i]f a child is placed into the temporary custody of a county welfare department pursuant to Section 306."  (Former § 224.2, subd. (b).)

In our early cases addressing subdivision (b) of section 224.2, we found the duty of inquiry applied in every dependency proceeding.  (*In re C.L.* (2023) 96 Cal.App.5th 377, 385 (*C.L.*) (Third District).)  In 2022, however, a concurring opinion in *In re Adrian L.* (2022) 86 Cal.App.5th 342, 353-354 (conc. opn. of Kelley, J.), gave rise to the notion that the reference to section 306 in former subdivision (b) of section 224.2 meant that the extended inquiry requirement does not apply if a child was taken into custody pursuant to a protective custody warrant.  Some panels of this court adopted that approach.  (*In re Robert F.* (2023) 90 Cal.App.5th 492, 504, review granted July 26, 2023, S279743 (*Robert F.*); *In re Ja.O.* (2023) 91 Cal.App.5th 672, 677-678, review granted July 26, 2023, S280572; *In re Andres R.* (2023) 94 Cal.App.5th 828, 860, review granted, Nov. 15, 2023, S282054.)

On the other hand, the majority of another panel of this court disagreed with *Robert F.*, *supra*, 90 Cal.App.5th 492 line of cases in *In re Delila D.* (2023) 93

4

Cal.App.5th 953, 965-976, review granted Sept. 27, 2023, S281447 (*Delila D.*).

*Delila D.* held the expanded duty of inquiry applies whether or not a child is removed pursuant to a protective custody warrant, that is, the way a child is initially removed from home has no bearing on the question of whether they may be an Indian child. (*Delila D.*, *supra*, at pp. 965-976; accord, *In re L.B.* (2023) 98 Cal.App.5th 512, 516-519 (First Dist., Div. Four); *In re Samantha F.* (2024) 99 Cal.App.5th 1062 (*Samantha F.*) (Fourth Dist., Div. Two); *C.L., supra,* 96 Cal.App.5th at pp. 385-391 (Third Dist.); *In re V.C.* (2023) 95 Cal.App.5th 251, 256-260 (First Dist., Div. Two); *In re Jerry R.* (2023) 95 Cal.App.5th 388, 411-426 (Fifth Dist.).)

The majority of the panel in *Samantha F.*, which embraced the reasoning of *Delila D.*, *supra*, 93 Cal.App.5th 953 added that the reasoning of *Robert F.*, *supra*, 90 Cal.App.5th 492 is also faulty because it misconstrues the term '"protective custody"' as exclusive of '"temporary custody,"' and erroneously misinterprets federal ICWA law in an effort to support the notion that the protection afforded ICWA inquiry does not apply to children removed by a warrant. (*Samantha F.*, *supra*, 99 Cal.App.5th at pp. 1068-1069.)

Recently, the California Legislature amended as part of an urgency measure subdivision (b) of section 224.2 "clarifying" that a county welfare department has an obligation to inquire whether a child is an Indian child even when placed in temporary custody pursuant to a section 340 warrant. (§ 224.2, subd. (b)(2), added by Stats. 2024, ch. 656, § 3, eff. Sept. 27, 2024; Sen. Rules Com., Off. of Sen. Floor Analyses, 3rd reading analysis of Assem. Bill No. 81 (2023-2024 Reg. Sess.), as amended Sept. 1,

5

2023, pp. 6-8; Sen. Com. on Judiciary, com. on Assem. Bill. No. 81 (2023-2024 Reg. Sess.) for Aug. 13, 2024 hearing; Assem. Conc. in Senate Amends. to Assem. Bill No. 81 (2023-2024 Reg. Sess.) as amended Aug. 19, 2024, pp. 2-3.)  In its present form, the extend inquiry provision states in relevant part that:

"If a child is … taken into or maintained in the temporary custody of a county welfare department pursuant to paragraph (2) of subdivision (a) of Section 306, or if they were initially taken into protective custody pursuant to a warrant described in section 340, the county welfare department … has a duty to inquire whether that child is an Indian child.  Inquiry includes, but is not limited to, asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 224.2, subd. (b)(2).)

We recognize the general rule that applying an amended provision does not operate retrospectively unless the Legislature plainly indicates otherwise.  (*In re S.B.* (2004) 32 Cal.4th 1287, 1296.)  In a case like the present one, however, in which the amendment to the statute is made to clarify existing law, then it is not retrospective because the true meaning of the statue has not changed.  (*Ibid.*)

2.  *The Lack of Compliance with California's Expanded ICWA Inquiry Provisions*

In this case, mother claims, and the Department concedes, that mother and father provided the paternal grandfather's name and contact information, but he was not

6

contacted by the Department to inquire whether the child has or may have Indian ancestry.

The record supports mother's claim. The paternal grandfather's name (I.V.) and telephone number were provided by the child's parents at the time of the hearing on jurisdiction and disposition but there is nothing in the Department's reports to indicate any effort was made to contact him.

We note, too, that the parents listed the name and contact information for a grandmother, G.L., on the Department's "Family Find and ICWA Inquiry" form. There is no mention in the record that G.L. was contacted.

In addition, the Department reported contacts in October and November 2022 with the maternal grandmother, D.B. D.B. provided information suggesting that the child's deceased maternal grandfather might have had have Native American ancestry, including that his sister, also deceased, lived on an Indian reservation. In August 2023, the Department's social worker reported calling the Bureau of Indian Affairs (BIA) and leaving a voice mail message requesting a call back, and in September 2023, the worker sent an email to the BIA asking for guidance but did not provide the maternal grandfather's full name. The worker did not make further effort to contact BIA when she did not receive a response.

In view of the Department's failure to comply with the requirement that it ask extended family members or others having an interest in the child whether the child does or may have Indian ancestry, conditional reversal of the order terminating rights is

7

required. (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1141 [if the Department's inquiry is inadequate, conditional reversal is required to permit correction of the error].

## DISPOSITION

The order terminating parental rights is conditionally reversed. On remand, the juvenile court shall order the Department to comply with the duty of initial inquiry (§ 224.2, subd. (b)(2); rule 5.481) and, if applicable, the duty of further inquiry (§ 224.2, subd. (e)) and the duty to provide notice to the pertinent tribes (25 U.S.C. § 1912(a); § 224.3). If the juvenile court determines that ICWA does not apply, then the court shall reinstate the order. If the court determines that ICWA does apply, then it shall proceed in conformity with ICWA and related California law.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.
CODRINGTON
J.

8